IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE DON GREEN,              ) | |
|          ) | |
|     Plaintiff,      ) | |
|        ) | |
|   -vs-          ) | CIV-18-837-R |
|        ) | |
| BISON OILFIELD SERVICES, LLC,  ) | |
| An Oklahoma limited liability company,  ) | |
|        ) | |
|     Defendant.     ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

### I.   Nature of Action

1.1     This jury action seeks redress for Defendant Bison Oilfield Services,

LLC's, (hereafter "Bison") violation of the laws of the United States and the State

of Oklahoma in connection with the termination of Plaintiff's (hereafter "Green")

employment.   The action specifically seeks to enforce rights created under the

Family and Medical Leave Act ("FMLA") 29 U.S.C. §2601 *et seq.*   As redress for

Bison's violation of the FMLA, Green prays for and demands declaratory, legal and

equitable relief, including back pay, reinstatement or, in the alternative, front pay,

liquidated damages, attorney's fees and costs.

### II.   Jurisdiction and Venue

2.1     This Court has jurisdiction over Green's FMLA claim brought under

federal law and this suit is authorized and instituted pursuant to 29 U.S.C. §2617(a)(2).

2.2     At all times material to this action and at Green's leave request, Plaintiff was an employee who had been employed for at least twelve (12) months by Bison and had worked for at least 1,250 hours of service with Bison during the previous twelve (12) month period within the meaning of 29 U.S.C. § 2611(2)(A).

2.3     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court, and because Bison is an Oklahoma limited liability company doing business within the judicial district of this Court.

2.4     Green was an "employee" of Bison and Bison was the "employer" of Green, within the meaning of 29 U.S.C. §2611(2)(A) and (4)(A) of the FMLA.

2.5     All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.

### III. Parties

3.1     Green is a male citizen of the United States and a resident of Cleveland County, Oklahoma.

3.2     At all times material to this action, Bison has continuously been

and is a domestic limited liability company registered to do business in the State of Oklahoma.  Service of this Original Complaint and Demand for Jury Trial may be accomplished by serving its registered agent: Capitol Document Services, Inc., 1833 Morgan Road, Oklahoma City, OK    73128.

### IV.   Background Facts

4.1    Green, who was born in 1951, began his employment with Bison in 2016 as a Department of Transportation Compliance manager and a Safety manager.

4.2    On or about November 28, 2017, Green notified his human resource manager at Bison that he had had a yearlong knee issue requiring surgery and requested leave under the Family Medical Leave Act in order to have his knee surgery in January, 2018.

4.3    The Bison Human Resource office notified Green by e-mail on December 6, 2017, at 5:17 p.m. that he was eligible for FMLA leave in January pursuant to his request and gave him the appropriate documents to complete and return.

4.4    On December 8, 2017, two (2) days after Green's application for FMLA leave was approved, Bison's Human Resource manager, Bethany Darrough, came into Green's office at the Defendant's El Reno yard and fired him in the

presence of the yard manager for Bison's El Reno yard, Joe Craig; when Green asked for any reason for his firing, Darrough declined to give Green a reason for his firing.

4.5    When Green applied for unemployment benefits with the State of Oklahoma, Bison declined to contest Green's assertion in that proceeding that he had been fired without good cause.

## COUNT I: FMLA

### (Interference, Restraint or Denial of FMLA Rights)
### (Retaliation for Requesting and Taking FMLA Leave)

5.1    Green incorporates and realleges, in full, paragraphs 1.1 through 4.5 of this Original Complaint.

5.2    Green worked for Bison for at least twelve (12) months and Bison has continuously employed and does employ fifty (50) or more employees within the meaning of 29 U.S.C. §2611(2).

5.3    All conditions precedent to the prosecution of this cause of action by Green have been satisfied.

5.4    At all times material to this action, Bison has retaliated and/or interfered with, restrained, and denied to Green the exercise of and attempted exercise of rights under § 2615(a)(1) of the FMLA by Bison's actions and omissions, including, but not limited to Bison's firing of Green for no good reason.

5.5     As a direct and proximate result of Bison's violation of the FMLA,

Green has been damaged by the loss of his employment with Bison and the loss of

compensation, including salary/wages and employee benefits, he would have

received as an employee of Bison had his rights under the FMLA not been

interfered with, restrained or denied or had he not been retaliated against for his

exercise and/or attempted exercise of FMLA rights.

5.6     In violating the FMLA, Bison acted with malice and with

reckless indifference to the federally protected rights of Green within the meaning

of 29 U.S.C.  § 2617 (a)(1)(A)(iii) of the FMLA.

5.7     As a direct and proximate result of Bison's violation of the

FMLA, Green has also suffered other pecuniary losses, the type and amount of

which will be established at the trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Green respectfully prays that

this Court grant the Plaintiff:

1.     A judgment that Bison has engaged in all of the conduct alleged in this
       Original Complaint;

2      An injunction permanently enjoining Bison from engaging in the future the
       discriminatory employment practices alleged in the Original Complaint;

3.     A judgment against Bison awarding Green an amount equal to the lost wages

and employment benefits had he not been terminated by Bison in violation of the FMLA;

4.   An order reinstating Green to the position, seniority and level of compensation, including salary/wages, bonuses and benefits he would have enjoyed had he not been terminated by Bison in violation of the FMLA, or, in the alternative, a judgment awarding Green an amount equal to the front pay, including salary/wages, bonuses and benefits, he would have received, from the date of judgment through the date he would have retired or resigned from employment with Bison;

5.   An equivalent money judgment awarding Green liquidated damages, as provided in 29 U.S.C. § 2617 (a)(1)(A)(iii);

6.   A judgment against Bison awarding Green compensatory damages as redress for Bison 's unlawful conduct;

7.   A judgment against Bison awarding Green an amount equal to the costs of bringing, this action, including a reasonable attorney fee and expert witness fee;

8.   A judgment awarding Green such other legal and equitable relief as may be appropriate, including prejudgment and post judgment interest.

Respectfully submitted

/s/ Tom M. Cummings
Tom M. Cummings, OBA # 2089
701 NW 13th Street
Oklahoma City, OK    73103-2206
Telephone: (405) 521-8900
Telefacsimile: (405) 604-9054
E-mail: tomcummingslawfirm@gmail.com
Attorney for the Plaintiff Joe Don Green

## DEMAND FOR JURY TRIAL

In accordance with Fed. R.Civ.P. 38(b), Plaintiff demands a jury trial of all his claims in this action.

/s/ Tom M. Cummings
Tom M. Cummings